UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PRESSE MATHEWS, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 11-cv-1245 |
| RICARDO RIOS, *Warden*, | ) ) ) |
| Respondent. | ) ) |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Presse Mathews, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and Exhibits and Referenced Pleadings in Support (Doc. 2). On September 8, 2004, Petitioner pled guilty to possession of a firearm by felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 2). At sentencing, the district court determined that Petitioner had previously committed three violent felonies and, as a result, sentenced him to the statutory minimum of 180 months pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Doc. 1 at 2). Petitioner filed a notice of appeal, in which he argued that one of the previous felonies of which he was convicted did not qualify as a "violent felony" within the meaning of the ACCA. *United States v. Mathews*, 453 F.3d 830, 831 (7th Cir. 2006). The Seventh Circuit affirmed upon a finding that the previous felony was such an offense. *Id.* at 837. Petitioner subsequently filed a Motion to Vacate, Correct, or Amend Sentence pursuant to 28 U.S.C. § 2255 in which he again attacked the determination that his previous offense was a violent

felony for the purposes of the ACCA; however this Motion was also denied on April 9, 2007. *Mathews v. United States*, 550 F.Supp.2d 842 (C.D.Ill. 2007).

In his instant Petition, Petitioner argues that the Supreme Court decision of *Begay v. United States*, 553 U.S. 137 (2008), clarified the meaning of the term "violent felony" within the ACCA, that the new substantive rule should be applied retroactively, and that he is entitled to seek relief pursuant to § 2241 because recourse to § 2255 is no longer available. (Doc. 1 at 3-4). Petitioner also points out that his sentence pursuant to the ACCA exceeded the statutory maximum for the crime to which he pleaded guilty, and that therefore there is a fundamental defect in his sentence which must be corrected. (Doc. 1 at 4); *see also In re Davenport*, 147 F.3d 605, 611 ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."). The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case. *See* Rule 1(b) Governing Section 2254 Cases in the District Courts.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit. Therefore, Respondent will be directed to respond to the Petition.

---

[1] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the § 2241 Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5. Petitioner has filed a Letter to the Court indicating that he has started the procedure to have his $5 filing fee paid (Doc. 3), however the Court has not yet received the fee. Petitioner is GRANTED 15 days to either ensure the delivery of the filing fee or file a Motion to Proceed in forma pauperis, or risk having his Petition dismissed.

Entered this 13th day of July, 2011.

                                     s/ Joe B. McDade
                                  JOE BILLY McDADE
                            United States Senior District Judge