E-FILED
Wednesday, 26 October, 2011 11:16:03 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PRESSE D. MATHEWS, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 11-cv-1245 |
| RICARDO RIOS, *Warden*, | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Presse D. Mathews, Jr.'s Motion to Appoint Counsel (Doc. 11) and Motion for Leave to Proceed in forma pauperis (Doc. 12). Petitioner has already filed his Petition for Writ of Habeas Corpus (Doc. 1), Respondent has responded (Doc. 8), and the Petitioner has filed a reply to Respondent's response (Doc. 10). For the following reasons, the Motion to Appoint Counsel is denied, and the Motion for Leave to Proceed in forma pauperis is denied as moot.

### MOTION TO APPOINT COUNSEL

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether,

1

"given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660. In his Motion, Petitioner makes no mention of any steps he has taken to obtain counsel. Accordingly, the Court finds that Petitioner has not made the threshold attempt of securing counsel without Court intervention, and he therefore will not be appointed an attorney pursuant to § 1915.

In addition to appointment of counsel under 28 U.S.C. § 1915, the Court may appoint counsel if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2). Petitioner suggests that the interests of justice should lead this court to appoint counsel under 18 U.S.C. § 3006A because "the matters [before this Court] involve numerous complex legal arguments that will have a direct bearing on the Petitioner's liberty interest." (Doc. 11).

The Seventh Circuit has set forth five factors a district court should consider when ruling on a request to appoint counsel. Those factors are

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The Court finds that the merits of the claim are colorable. However, Petitioner makes no arguments

regarding an inability to investigate facts, and nothing indicates that the truth would more likely be exposed were Petitioner represented by counsel. The Court acknowledges that the Petitioner's legal claim—a post-*Begay* "actual innocence" claim under 28 U.S.C. § 2241—raises a rather complex legal issue. However, the quality of Petitioner's Petition and his reply to the government's response leads this Court to conclude that he is capable of presenting the case without the assistance of counsel. Therefore, Petitioner's Motion to Appoint Counsel is denied.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner has also filed a Motion for Leave to Proceed in forma pauperis. (Doc. 12). Because Petitioner has already paid the $5 filing fee for his 28 U.S.C. § 2241 Petition, this Motion is presumably related to his Motion to Appoint Counsel. Because Petitioner's Motion to Appoint Counsel has been denied on other grounds, the Court finds it unnecessary to reach the issue of Petitioner's indigence. Petitioner's Motion to Appoint Counsel is therefore denied as moot.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Appoint Counsel (Doc. 11) is DENIED, and Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 12) is DENIED AS MOOT.

IT IS SO ORDERED.

Entered this 25th day of October, 2011.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                                    United States Senior District Judge