## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PRESSE D. MATHEWS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-cv-1245 |
| | ) |
| RICARDO RIOS, | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), received by the Court on October 23, 2012. (Doc. 19). On October 3, 2012, the Court entered an Order denying Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 17). For the reasons stated below, Petitioner's Rule 59(e) Motion is denied.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

Here, Petitioner cites a "new" Supreme Court case, *Carachuri–Rosendo v. Holder*, 130 S. Ct. 2577 (2010). He claims that this decision's holding that courts must only consider the crime of conviction is a new rule that this Court should have considered when evaluating his Petition. (Doc. 19 at 3-5).

Petitioner's argument fails on two grounds. First, *Carachuri–Rosendo* pre-dates Petitioner's Petition, so is not new case law or evidence, and is not properly raised on reconsideration. Second, as explained thoroughly in this Court's previous Order, the Court did evaluate the crime for which Petitioner was charged and convicted when determining whether it was a violent felony. (Doc. 17 at 2-3). The cross-references in the applicable Illinois statute may understandably confuse the pro se Petitioner, but he is mistaken in his claim. As there is no clearer way to explain the statutory scheme, Petitioner is referred back to the Court's previous Order. In it, the Court clearly noted the correct crime of conviction, a violation of 720 Ill. Comp. Stat. 5/24-1.1(a), as Petitioner continues to highlight, and explained Petitioner's point of confusion. (Doc. 17 at 2-3).

The Court did not consider the wrong conviction statute and Petitioner points to no other errors or newly discovered evidence. Thus, Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 19) is DENIED. IT IS SO ORDERED.

Entered this <u>25th</u> day of June, 2013.

                                                                s/ Joe B. McDade
                                                                JOE BILLY McDADE
                                          United States Senior District Judge